```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

JOHN DOE,                    }
                             }
    Plaintiff,               }
                             }    CIVIL ACTION NO.
v.                           }
                             }    99-AR-0749-S
O'CHARLEY'S, INC.,           }
                             }
    Defendant.               }
                             }

**FILED 99 JUL 21 PH 3:00 U.S. DISTRICT COURT N.D. OF ALABAMA**

**ENTERED JUL 21 1999**

## MEMORANDUM OPINION

Plaintiff seeks leave to proceed in this court with anonymity. He also seeks a protective order designed to preserve the privacy which anonymity would be intended to provide. He is suing his former employer, O'Charley's, Inc. ("O'Charley's"), under the Americans With Disabilities Act ("ADA"), claiming that O'Charley's discriminated against him because he is HIV positive. Plaintiff's requests are vigorously resisted by defendant. The issue has been briefed and orally argued. It is a difficult question for the court to answer, and one not yet addressed by any court whose opinions are binding on this court. Every decision offered up by either of the opposing parties can easily be distinguished. There are published district court opinions that would permit, and published district court opinions that would not permit, an HIV positive person to proceed as a "John Doe" plaintiff.

The Eleventh Circuit decision that provides the basic principles to guide this court is *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992). Admittedly, *Frank* does not deal with an HIV plaintiff. In *Frank*, the Eleventh Circuit quotes *Southern Methodist Univ. Ass'n. of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Circuit. 1979), as follows:

> "Basic fairness dictates that those among the defendants' accusers who wish to participate must do so under their real names."

951 F.2d at 323.
According to the Eleventh Circuit, this rule enunciated in *Southern Methodist* is the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* In order to outweigh such a pervasive, important, and universally recognized jurisprudential principle, a very substantial and even overwhelming privacy right must be found.

The court is not unsympathetic to plaintiff's plight. But, when plaintiff asks this court to agree with him that being HIV positive carries an automatic stigma so as to allow him to proceed as "John Doe," he asks this court to give a jury an arguably judge-recognized reason to conclude that all persons who are HIV positive are perceived by others (including employers) to be disabled. Plaintiff's complaint in this case charges, *inter alia*, that "[plaintiff] is <u>perceived</u> as a person with a disability which substantially limits one or more of his major life activities." (emphasis supplied). Therefore, "<u>perception</u>" is a core fact issue

for the jury. And courts have no right to invade the province of the jury. The degree of influence of the court's implicit agreement with plaintiff's theory of the case by allowing plaintiff anonymity is hard to measure, but its potential as a basis for influencing the jury outcome is something that may transgress the Seventh Amendment's guaranty that a court let the jury decide disputed fact questions without innuendo from the court.

The question here requires an exercise of judicial discretion. As difficult as the court finds the task, the court exercises its discretion in favor of the general presumption of openness in judicial proceedings and will, by separate order, deny plaintiff's requests and order him to proceed under his real name. The court will, however, stay the enforcement of this ruling for a period of fourteen (14) days in order to give plaintiff an opportunity to seek a review of the ruling by petition for writ of mandamus, or if plaintiff requests it, interlocutory appeal pursuant to 28 U.S.C. § 1291(b). If requested, the court will certify the question.

DONE this 21st day of July, 1999.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE