IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

*FILED*

*99 AUG -3 PM 4:03*

*U.S. DISTRICT COURT*
*N.D. OF ALABAMA*

| | | |
|---|---|---|
| JOHN DOE, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | |
| | } | 99-AR-0749-S |
| O'CHARLEY'S, INC. | } | |
| | } | |
| Defendant. | } | |
| | } | |

**ENTERED**

**AUG - 3 1999**

<u>**MEMORANDUM OPINION**</u>

Plaintiff, whose motion for leave to proceed under a pseudonym
was denied on July 21, 1999, has moved for reconsideration.
Plaintiff has the HIV virus and is suing his former employer,
O'Charley's, Inc. ("O'Charley's"), under the Americans with
Disabilities Act.  Again, O'Charley's resists plaintiff's request.

Plaintiff correctly points out that this court in *John Doe v.
Robert Orr Sysco Food Service Co.*, CV-95-AR-715-M, allowed an HIV-
positive plaintiff to proceed anonymously.  This court points out,
however, that the order in that case granting leave to plaintiff to
"refer to himself as 'John Doe'" was entered by a magistrate judge
*ex parte* upon reference and was never challenged by the employer-
defendant.  To the contrary, defendant in CV-95-AR-715-M **joined**
plaintiff in requesting a protective order to maintain the
confidentiality of plaintiff's medical records and providing that
"all persons reviewing the record or gaining access thereto, shall

1

23

not disclose the identity of the patient...". There is marked difference between a ruling over which there is no dispute, and which, in fact, was jointly sought, and the ruling of this court in the instant case entered only after plaintiff's request was hotly contested.

The court again starts with the general rule that is implicit in Rule 10(a), F.R.Civ.P., which provides: "In the complaint the title of the action shall <u>include the names of all the parties</u>..." (emphasis supplied). The possible harm to a defendant by granting an exception to this rule is not as worrisome as the precedent an exception sets. If this plaintiff can proceed as "John Doe," why not every HIV-positive plaintiff? The court does not say that it would necessarily be error to grant plaintiff's motion, whether to allow him anonymity from the beginning of the case to the end, or, as he now suggests, through discovery and up until the trial itself. The court does find that this particular plaintiff's argument in favor of privacy could be, and probably would be, made by every similarly situated plaintiff if his request is allowed. His privacy interest is outweighed by the Eleventh Circuit's presumption of openness as enunciated in *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992), the principle that stood in the way of anonymity for plaintiffs in *Doe v. Bell Atlantic Business Systems Svcs., Inc.*, 162 F.R.D. 418 (D.Mass. 1995), and in *Mateer v. Ross, Suchoff, Egert, Hankin Maidenbaum & Mazel, P.C.*, 1997 WL 171011

2

(S.D.N.Y.) (otherwise unreported).

There is another, very practical reason for not permitting the anonymity this court permitted by consent in CV-95-AR-715-M.  To enter a protective order like the one here sought, is an invitation to controversy.  Without intending to criticize lawyers, this court's experience with protective orders has been that it spends an inordinate amount of time interpreting such orders and enforcing them.  Some courts are more willing to undertake extra chores than this court is.

Plaintiff's motion for reconsideration will be denied by separate order.

DONE this ___3rd___ day of August, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

3